*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TRINA NEWMAN,

              Plaintiff,

and

THOMAS NEWMAN,

              Plaintiff-Appellant,

v

MICHAEL SEIBOLD,

              Defendant-Appellee,

and

CITIZENS INSURANCE COMPANY OF AMERICA and TITAN INSURANCE COMPANY,

              Defendants.

UNPUBLISHED
January 22, 2019

No. 340733
Eaton Circuit Court
LC No. 2015-001078-NI

Before: BOONSTRA, P.J., and SAWYER and TUKEL, JJ.

PER CURIAM.

In this no-fault action, plaintiff Thomas Newman appeals as of right, challenging the trial court's order granting defendant Michael Seibold's motion for summary disposition.[1] We affirm.

## I. PERTINENT FACTS

This case arises out of an automobile accident that occurred on January 10, 2014, when defendant disregarded a stop sign and hit plaintiff's vehicle. Plaintiff was taken to the hospital, but he checked out that same evening. Plaintiff's medical chart from the day of the accident listed abrasions to his left ear and hand and indicated that his neck was "supple." Plaintiff reported no back or neck pain, and he had normal range of motion. X-rays, CT scans, and MRI scans were performed, and these showed no fractures in the head, face, abdomen, or neck, although the scan of the head did show a scalp hematoma.

The next day and over the coming weeks and months, plaintiff returned to Sparrow Hospital on many occasions, complaining of neck and back pain. The various exams plaintiff received showed that his neck was "supple." The exam also revealed muscular tenderness, "paraspinal spasm and tenderness," decreased range of motion, back pain, neck pain, and "severe muscle spasm down bilateral paraspinal muscles." However, no fractures were ever reported. Plaintiff also presented at the McLaren Greater Lansing Emergency Department, where his chart indicated "post-concussive syndrome" and "neck cervical strain."

In May 2014, plaintiff visited the CH Spine Center for a new consultation. Plaintiff complained of constant and severe neck pain and headache. Plaintiff's medical assessment showed neck pain, whiplash injury, facet syndrome, and myofascial pain syndrome. It was recommended that plaintiff complete massage therapy, acupuncture, and physical therapy. In June 2014, plaintiff met with Mark D. Lebeda, M.D., of Mid-Michigan Ear, Nose, and Throat, PC. Plaintiff reported having issues with his sinuses ever since the accident. He also complained of his ears feeling plugged, of sinus drainage, and of fullness in the left ear. Dr. Lebeda concluded that sinusitis existed but no deafness or decreased hearing. Dr. Lebeda's assessment of plaintiff stated that he had "some popping and crackling in the left ear and will have him perform Valsalva maneuvers and will try a course of Augmentin."

From July 2015 to March 2016, plaintiff attended Lansing Pain and Rehab, where he was treated by Dr. Robert Boykin, a chiropractor. At the initial visit, plaintiff reported severe back and neck pain that was constant since the accident. Dr. Boykin's clinical impression for plaintiff was "[u]nresolved cervical/lumbar sprain strain injuries stemming from [motor vehicle accident] on 1/10/2014." In October 2015, Dr. Boykin signed and issued a disability certificate for plaintiff explaining that plaintiff was disabled from his injuries sustained as a result of the January 10, 2014 accident. The certificate listed a plethora of activities that plaintiff was unable to perform.

---

[1] Because no other parties below are parties to this appeal, all references to plaintiff and defendant refer to Thomas Newman and Michael Seibold, respectively.

## II. ANALYSIS

### A. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). A motion brought pursuant to MCR 2.116(C)(10) tests the factual sufficiency of a complaint, and the trial court "must consider the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). Summary disposition is proper when "there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law." *Dextrom*, 287 Mich App at 415. When reviewing a motion for summary disposition under MCR 2.116(C)(10), this Court "must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists. A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence." *Id*. at 415-416.

### B. DISCUSSION

Plaintiff argues that there was a genuine issue of material fact regarding whether his injuries met the threshold requirements of MCL 500.3135 and that the trial court erred by granting summary disposition. We disagree.

Under the no-fault insurance act, MCL 500.3101 *et seq*., tort liability for noneconomic losses resulting from the ownership, maintenance, or use of a motor vehicle is generally limited to instances in which the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement. See MCL 500.3135(1); *McCormick v Carrier*, 487 Mich 180, 189-190; 795 NW2d 517 (2010).

"Serious impairment of body function" is statutorily defined as "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." MCL 500.3135(5). The "aggravation or triggering of a preexisting condition can constitute a compensable injury." *Fisher v Blankenship*, 286 Mich App 54, 63; 777 NW2d 469 (2009).

Before determining the issue as a matter of law, a trial court must "determine whether there is a factual dispute regarding the nature and the extent of the person's injuries." *McCormick*, 487 Mich at 215. A material factual dispute precludes determination of the issue as a matter of law. *Id*. at 193. A dispute need not be determinative to be material, but should be significant. *Id*. at 194.

In this case, there is no genuine factual dispute regarding the nature and extent of plaintiff's injuries. The parties do not dispute that plaintiff had been to the hospital on numerous occasions since the accident complaining of back and neck pain as well as of popping and crackling in his ear. Additionally, defendant does not appear to dispute that plaintiff had

suffered from back and neck pain as well as from the hearing issues. Furthermore, plaintiff "provided at least some evidence of a physical basis for his subjective complaints of pain and suffering." *McCormick*, 487 Mich at 216. Rather, the dispute centers around whether plaintiff has suffered an objectively manifested impairment of an important body function that affects his general ability to lead his normal life.

"If the court may decide the issue as a matter of law, it should next determine whether the serious impairment threshold has been crossed." *Id*. at 215. To establish a serious impairment of body function, there must be "(1) an objectively manifested impairment (observable or perceivable from actual symptoms or conditions) (2) of an important body function (a body function of value, significance, or consequence to the injured person) that (3) affects the person's general ability to lead his or her normal life (influences some of the plaintiff's capacity to live in his or her normal manner of living)." *Id*.

Assuming that plaintiff has demonstrated the existence of a genuine issue of material fact concerning whether he has suffered an objectively manifested impairment of an important body function, we conclude that he has nevertheless failed to demonstrate a material factual dispute concerning whether the alleged impairments have affected his ability to lead a normal life. *Id* at 215.

Whether an impairment affects a plaintiff's ability to live his or her normal life "requires a comparison of the plaintiff's life before and after the incident." *Id*. at 202. This requires a "subjective, person- and fact-specific inquiry that must be decided on a case-by-case basis." *Id*. However, (1) the plaintiff's general ability to lead his pre-accident normal life need only be affected, not destroyed; (2) the focus is on whether the impairment affected the plaintiff's ability to maintain his normal manner of living, not whether some of his manner of living has itself been affected; and (3) the impairment need not be permanent. *Id*. at 202-203.

In this case, plaintiff was disabled prior to the 2014 accident due to severe diabetes. In reviewing his 2010 Social Security Disability application form and prior medical records, it is clear that plaintiff already led a severely limited lifestyle long before the accident. In the 2010 application, plaintiff reported that he could only take a few steps before needing to rest, could not lift more than 5-10 pounds, could not sit or stand for more than a half-hour, and could no longer work on cars or drive long distances. He also could not perform any household chores other than taking out the trash. Plaintiff also reported needing assistance with bathing and dressing. A 2013 medical chart indicates that plaintiff was "severely limited by his body habitus, [and] can climb up stairs only by using hands and basically crawling up the stairs." When comparing plaintiff's descriptions at his deposition of how his life had been altered by the 2014 accident to his 2010 Social Security Disability application form, they are remarkably similar. Most of the limitations described by plaintiff at his deposition are also contained in his disability form.

Significant evidence demonstrated that, before his accident, plaintiff already led a severely limited and sedentary lifestyle due to his diabetes, and that this did not change significantly after the 2014 accident. While plaintiff testified at deposition that he was able to do many tasks prior to the accident, his medical history and disability form directly contradicted his testimony.

Additionally, plaintiff had numerous preexisting conditions, including a degenerative spine and diabetes so severe that it disabled him and severely limited his daily life. Plaintiff also sustained a head injury in February 2015 when he fell down approximately eight steps and struck his head. Plaintiff failed to distinguish how his already sedentary and limited lifestyle changed as a result of the accident; he failed to provide evidence distinguishing between those limitations caused by his preexisting conditions and disability and those limitations allegedly caused by the accident.

Therefore, plaintiff has not demonstrated the existence of a genuine issue of material fact regarding whether the objectively manifested impairment of an important body function affected his ability to live his normal life, and the trial court properly granted defendant's motion for summary disposition.

Affirmed.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jonathan Tukel

-5-